# Third District Court of Appeal
## State of Florida

Opinion filed .
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1987
Lower Tribunal No. 07-99-M
_____

**Rodney Shands, et al.,**
Appellants,

vs.

**City of Marathon,**
Appellee.

An Appeal from the Circuit Court for Monroe County, Mark H. Jones, Judge.

Pacific Legal Foundation, Jeremy Talcott (Sacramento, CA), Robert H. Thomas (Sacramento, CA), Mark Miller, and Kathryn D. Valois (Palm Beach Gardens), for appellants.

Johnson, Anselmo, Murdoch, Burke, Piper & Hochman, PA, and Hudson C. Gill (Fort Lauderdale), for appellee.

Derek V. Howard and Peter H. Morris, Assistant County Attorneys, for Monroe County, Florida, as amicus curiae, and Weiss Serota Helfman Cole & Bierman, P.L. and John J. Quick, for Village of Islamorada, as amicus curiae.

Before LOGUE, C.J., and EMAS, FERNANDEZ, SCALES, LINDSEY, MILLER, GORDO, LOBREE, BOKOR, and GOODEN, JJ.

PER CURIAM.

UPON CITY OF MARATHON'S MOTION FOR CERTIFICATION

Denied.

FERNANDEZ, LINDSEY, MILLER, GORDO, LOBREE, BOKOR, and GOODEN, JJ., concur.

LOGUE, C.J., dissenting from denial of certification.

I would find this case has great public importance even if it applied only in the Florida Keys and only to recreational property. But this case has significance far beyond that. The en banc majority opinion shifts takings analysis away from its traditional focus, which has always been the impact of a regulation on a property's value. To accomplish this shift away from value, the en banc majority substantially re-interprets two seminal U.S. Supreme Court decisions along lines never before adopted by a court.

I would certify the following question as one of great public importance:

> When deciding if a regulation that limits a property to recreational uses constitutes a "categorical" taking under Lucas v. South Carolina Coastal Council, 505 U.S. 1003 (1992), what consideration, if any, should be afforded to (1) the value of the property's transferable development rights, and (2) the value of the property marketed for recreational uses, where the record establishes an active, private market for both, either of which meets the owner's investment-backed expectations?

The en banc majority opinion essentially answers this question: "no consideration whatsoever."

To get to "no consideration whatsoever," the en banc majority interprets Penn Central Transportation Co. v. City of New York, 438 U.S. 104 (1978), as holding that a property's transferable development rights cannot be included as part of the property's value in analyzing whether a taking occurred. Every other court across the United States that has considered this issue has reached the opposite result.  See, e.g., Shands v. City of Marathon, 50 Fla. L. Weekly D293, at *19 n.19 (Fla. 3d DCA Feb. 5, 2025) (Logue, C.J., dissenting). Further, many counties and cities across Florida incorporated transferable development rights into their land-use laws for this very reason. See id. at *19 nn.20-21. This 180-degree change in the understanding of Penn Central, even if correct, is of great public importance.

Next, the en banc majority re-interprets Lucas v. South Carolina Coastal Council, 505 U.S. 1003 (1992), as holding that the market value generated by recreational uses can never be considered in a takings analysis because the Lucas analysis does not focus on value. No other court has adopted this view where the record reflected an active private market for recreational uses. This second shift away from value, even if correct, is of great public importance.

The upshot of the en banc majority opinion is to allow judges at every level to more speedily and easily declare a regulation to be a "categorical

4

taking" under <u>Lucas</u>. It provides a way for judges to bypass the deliberative, more fact-intensive value analysis of <u>Penn Central</u>. In this way, it opens the door for judges to become policymakers or at least override the policy of the executive and legislative branches. Courts should refrain from doing so and instead employ the most restrained, careful, and painstaking approach before declaring a law unconstitutional or an unconstitutional taking. For this additional reason, I believe this case has great public importance.

SCALES, J., dissenting from denial of certification.

I respectfully dissent from the majority's declining to certify to our Florida Supreme Court a question that I believe is one of great public importance passed upon by this Court's groundbreaking, February 5, 2025 *en banc* opinion.

I would certify the following question to the Florida Supreme Court:

> Is the value attributable to a property's transferable development rights relevant to the determination of whether a government's regulatory scheme has deprived a property owner of all economic use of the property for the purposes of a categorical, as-applied regulatory taking under Lucas v. South Carolina Coastal Council, 505 U.S. 1003 (1992)?[1]

While I think the *en banc* majority opinion is correctly decided, in my view the question is most assuredly one of great public importance to our State. As recognized in our *en banc* opinion, the land development regulations of Florida local governments generally, and the Florida Keys in particular, rely heavily on transferable development rights (TDRs) as a means to effect land conservation. Hence, it is my belief that whether the

---

[1] My phrasing of the question differs somewhat from that suggested by the City of Marathon: "Whether the value of a property attributable to the sale of transferable development rights on the private market is relevant to determining whether a taking has occurred?"

value attributable to TDRs can preclude what might otherwise constitute a regulatory taking is a question of great public importance.

EMAS, J., concurs.